UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-60409-RAR

**DEBORAH BONETA**, *et al.,*

    Plaintiffs,

v.

**AMERICAN MEDICAL SYSTEMS, INC.**,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

**THIS CAUSE** comes before the Court upon Defendant's Motion for Reconsideration of this Court's Order Denying Defendant's Motion for Summary Judgment, or, in the Alternative, to Certify the Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [ECF No. 145] ("Motion"), filed on March 19, 2021. Having considered the parties' written submissions, the record, and applicable case law, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

**BACKGROUND**

Plaintiffs Deborah and Diego Boneta seek redress for injuries allegedly caused by Defendant's vaginal mesh devices. Defendant filed two motions for summary judgment. In the first, Defendant argued that Plaintiffs should be judicially estopped from proceeding on these claims because they failed to disclose the claims as assets in their joint bankruptcy proceeding.[1] [ECF No. 68]. In the second, Defendant asserted that Plaintiffs' claims were barred by the statute

---

[1] Generally, judicial estoppel prevents a party who successfully takes a position in a prior judicial proceeding from intentionally asserting a conflicting position in a subsequent action. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).

of limitations because they accrued more than four years before Plaintiffs filed this lawsuit in December 2015. [ECF No. 96].

On March 10, 2021, the Court denied both motions. *Boneta v. Am. Med. Sys., Inc.*, --- F. Supp. 3d ---, 2021 WL 917871 (S.D. Fla. Mar. 10, 2021) ("Order"). But Defendant takes issue with the Court's analysis of judicial estoppel. In its Order, the Court held that both parties erroneously cited to the judicial estoppel standard under federal law, which is inapplicable since this action is based solely on the Court's diversity jurisdiction. *Id*. at *10 (citing *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1358 n.7 (11th Cir. 2018)). Instead, Florida's judicial estoppel standard applies, which, as the Court explained, requires that the party seeking to invoke the doctrine also have been a party in the prior proceeding in which an inconsistent position was successfully maintained—a requirement that does not exist under federal law. *Id*. at *11 (citing *Salazar-Abreu v. Walt Disney Parks and Resorts U.S., Inc.*, 277 So. 3d 629, 631 (Fla. 5th DCA 2018)). There exists a "special fairness and policy considerations" exception to the mutuality of parties requirement, which comes into play only where a party uses "intentional self-contradiction to obtain an unfair advantage in litigation." *Id*. at *12 (citing *Osorio v. Dole Food Co.*, No. 07-22693, 2009 WL 48189, at *15 (S.D. Fla. Jan. 5, 2009)).

Applying Florida law, the Court found that because Defendant was not involved in any capacity in Plaintiffs' bankruptcy proceedings, Plaintiffs' failure to disclose this lawsuit did not prejudice them in any way. *Id*. at *11-12 ("Florida courts have consistently rejected the application of judicial estoppel to bar claims undisclosed in bankruptcy where the defendant seeking to invoke the doctrine was not involved in any way in the bankruptcy proceedings.") (collecting cases). Further, based upon an application of Florida law, the Court found insufficient evidence in the record to establish that Plaintiffs intentionally misrepresented the existence of their lawsuit to the Bankruptcy Court, and thus refused to invoke judicial estoppel to bar Plaintiffs' claims. *Id*. at *12.

Defendant moves the Court to reconsider its holding that Florida law applies on the application of judicial estoppel.  Defendant believes that it was not given an opportunity to brief the issue of which law applies, and argues that the Eleventh Circuit "unequivocally" held in *Slater v. U.S. Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017) (en banc) that the federal standard applies for any case involving a prior bankruptcy proceeding.  Mot. at 2, 6-9.  In the alternative, Defendant asks this Court to certify its Order [ECF No. 144] to the Eleventh Circuit under 28 U.S.C. § 1292(b), seeking review of the following issue: "Whether the federal or state standard for judicial estoppel should be applied in a case involving a prior bankruptcy proceeding, pending in a later District Court proceeding pursuant to diversity jurisdiction." *Id*. at 14.

## **LEGAL STANDARD**

Rule 54(b) of the Federal Rules of Civil Procedure provides that a non-final order—i.e., one that does not end the action as to any of the claims at issue—"may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).  A district court has broad discretion to reconsider earlier interlocutory rulings under this standard, which, in this circuit, is equivalent to the standard controlling motions to alter or amend judgment under Rule 59(e) or Rule 60(b).  *Grasso v. Electrolux Home Prods., Inc.*, No. 15-20774, 2016 WL 2625746, at *1 (S.D. Fla. Mar. 24, 2016) (citing *Region 8 Forest Serv. v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993)).   To balance the competing interests of finality on the one hand and "the public interest in reaching the right result" on the other, *id*., a party seeking reconsideration must demonstrate the availability of newly-discovered evidence, a manifest error of law or fact, or an intervening change in controlling law.  *Waite v. All Acquisition Corp.*, 194 F. Supp. 3d 1298, 1307 (S.D. Fla. 2016).

"Clear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties,

or has made an error not of reasoning but of apprehension. Such problems rarely arise[,] and the motion to reconsider should be equally rare." *Kottler v. Gulf Coast Collection Bureau*, No. 19-61190, 2020 WL 3064769, at *2 (S.D. Fla. June 9, 2020) (citation and quotations omitted). Disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief. *See Jacobs v. Tempur-Pedic In'tl, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

Likewise, a motion for reconsideration is not appropriately used as a vehicle to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of [the order]. This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009). For that reason, "[s]uch motions are particularly suspect where, as here, the movant is attempting to bolster a previously-rejected argument with points of elaboration that were available earlier but were not raised. . . . Simply put, the Federal Rules of Civil Procedure do not afford a party against whom an issue has been adversely decided a second bite at the apple under the guise of a motion to reconsider." *Kirksey v. Schindler Elevator Corp.*, No. 15-0115, 2016 WL 6462176, at *3 (S.D. Ala. Oct. 28, 2016) (citing *Kight v. IPD Printing & Distributing, Inc.*, 427 F. App'x 753, 755 (11th Cir. May 24, 2011); *Am. Home Assur. Co. v. Glenn Estress & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).

An interlocutory appeal may be certified when three elements are present: (1) whether the case presents a controlling question of law; (2) whether there is a substantial ground for difference of opinion; and (3) whether the appeal will materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A "controlling question of law" arises where the appellate court can rule on a controlling question of pure law without having to search deep into the record in order to discern the facts of the underlying case. *See Allapattah Servs., Inc. v. Exxon Corp.*, 333

F.3d 1248, 1252-53 (11th Cir. 2003). Importantly, however, interlocutory appeal is a "rare exception" to the general rule that final judgment must precede appellate review. *Id*. at 1264. Thus, "there is a 'strong presumption against interlocutory appeals,' and both the district and circuit courts are afforded substantial discretion in certifying issues for this purpose," even when all three elements are satisfied. *Havana Docks Corp. v. Royal Caribbean Cruises*, No. 19-23590, 2020 WL 3489372, at *2 (S.D. Fla. June 26, 2020) (quoting *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008)); *see also Rodriguez v. Proctor & Gamble Co.*, --- F. Supp. 3d ---, 2020 WL 6544475, at *2 (S.D. Fla. Nov. 6, 2020).

## ANALYSIS

### A. *Motion for Reconsideration*

Defendant believes that since this case involved a prior bankruptcy proceeding, the Court committed a manifest error of law in its Order by applying the Florida judicial estoppel standard instead of the federal standard. As to why Defendant did not raise this argument before, Defendant argues that "[n]either party had an opportunity to brief the issue of which standard should apply" since "[d]uring the briefing and argument, it was assumed by all parties that the federal standard for judicial estoppel controlled this Court's decision." Mot. at 2. In the words of a fellow jurist, to say that the Court finds this argument puzzling is to do a disservice to puzzles everywhere.[2] Defendant extensively briefed its position on the issue of estoppel and was granted oral argument before the Court rendered its decision. It therefore strains credulity for Defendant to maintain that it did not have "an opportunity to brief the issue of which standard should apply." In other words, Defendant's misapplication of the law and misidentification of binding precedent does not indicate the absence of an opportunity to brief key issues before the Court.

---

[2] Memorandum Op. [ECF No. 62] at 1, *Neebe v. Ravin Crossbows, LLC*, No. 19-cv-04934 (E.D. P.A. Jan. 29, 2021) (Wolson, J.).

Indeed, that *both* parties erroneously assumed the federal standard applies did not prohibit this Court from following Eleventh Circuit precedent requiring the application of state law on the issue of judicial estoppel in diversity cases.  "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to *identify* and apply the proper construction of governing law." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) (emphasis added); *see also United States v. Undetermined Quantities of All Articles of Finished and In-Process Foods*, 936 F.3d 1341, 1350 (11th Cir. 2019) ("Ours is an adversary system.  When, as here, there are two sides, each side is afforded the opportunity to argue its position. But the court is not limited to choosing one side's position or the other's. . . . **The court's role is to get it right**.") (emphasis added); *United States v. Roy*, 855 F.3d 1133, 1190 n.4 (11th Cir. 2017) ("Both Roy and the Government agree that *Strickland* does not govern, but . . . [t]he parties' agreement, however, does not cabin our authority to apply the correct legal standard.") (Tjoflat, J., concurring); *United States v. Baston*, 818 F.3d 651, 663 (11th Cir. 2016) (concluding that on a disputed legal issue, "[n]either party is correct," and applying the correct standard that neither party advocated); *U.S. Bank, Nat. Ass'n v. Commonwealth Land Title Ins. Co.*, No. 13 Civ. 7626, 2015 WL 3457060, at *1 (S.D.N.Y. May 27, 2015) (rejecting defendant's argument that reconsideration was required because parties did not advance theory that formed the basis of the court's decision) (citing *Kamen*, 500 U.S. at 99).

Defendant accuses the Court of committing error by applying binding precedent that went uncited by the parties, but says nothing of its own failure to identify such authority in the first place.  Some might call that chutzpah, especially since Defendant was *required* to alert the Court to this authority.  In its Order, the Court cited two published Eleventh Circuit cases that state, point blank, the following: "[i]n diversity cases, the application of the doctrine of judicial estoppel is governed by state law."  *Boneta*, 2021 WL 917871, at *10 (citing *Searcy*, 902 F.3d at 1358 n.7;

*Original Appalachian Artworks, Inc. v. S. Diamond Assocs., Inc.*, 44 F.3d 925, 930 (11th Cir. 1995)). Because this is controlling authority, Defendant's counsel had an ethical obligation to make the Court aware of it, irrespective of Plaintiffs' failure to do the same.³ Rule 11 of the Federal Rules of Civil Procedure commands that because "[a] court has the right to expect that counsel will state the controlling law fairly and fully[,] [a] lawyer must not misstate the law [or] fail to disclose adverse authority not disclosed by his opponent of which he knows or should know." *Doolin v. Am. Optical Corp.*, No. 3:16–cv–778–J–34PDB, 2017 WL 3608235, at *3 (M.D. Fla. Aug. 22, 2017) (quoting *Pierce v. Commercial Warehouse*, 142 F.R.D. 687, 690 (M.D. Fla. 1992)); *see also* R. Regulating Fla. Bar 4-3.3(a)(3) (lawyer's duty to disclose controlling adverse authority to court).

Of course, no one is perfect, everyone makes mistakes, and controlling case law can slip through the cracks. When that happens, the best course is to admit it frankly and move on. Instead, Defendant—apparently taking issue with the fact that the Court did not inform the parties of their mistake at oral argument—implies that the Court pulled a fast one by deciding "for the first time" in its Order that the state standard applied rather than the federal standard. Mot. at 2. But the fact that the Court only realized that the parties had misidentified the governing law *after* the parties had already presented oral argument is irrelevant, especially since the Court was under no obligation to hold such a hearing in the first place.⁴ S.D. Fla. Local Rule 7.1(a)-(b) (noting that

---

³ To be sure, the Court faults Plaintiffs' counsel as well, particularly since the governing authority was more favorable to their client. *See In re Porto*, 645 F.3d 1294, 1305 (11th Cir. 2011) ("[T]he failure to cite the proper legal authority for a proposition is a failure of legal pleading; at most it is bad lawyering."). Nevertheless, the Court notes that Plaintiffs have candidly acknowledged the error. Pls.' Resp. in Opp. to Def.'s Mot. for Reconsideration [ECF No. 148] at 5.

⁴ Amazingly, this was not the only instance in this case in which the parties failed to alert the Court to on-point legal authority. The parties might recall that in the hearing held on Defendant's other summary judgment motion—which occurred one week after the hearing on the summary judgment motion at issue here, *see* [ECF No. 132]—the Court began by asking the parties why neither of them had cited in their written submissions the most recent Eleventh Circuit case addressing the issue at hand, which also involved

the Court "in its discretion" may hold a hearing on a motion). Nor was the Court obliged to keep counsel apprised of its thoughts on their submissions prior to entering its Order. *Accord Fed. Ins. Co. v. Cty. of Westchester*, 921 F. Supp. 1136, 1139 (S.D.N.Y. 1996) ("Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk.").

Even if Defendant believed—for all the reasons stated in its Motion for Reconsideration—that the applicable case law relied on by the Court does not compel the application of state law, its failure to raise this argument in its previous filings renders reconsideration inappropriate. To hold otherwise would allow parties to remain silent on an unfavorable issue in their written submissions to the Court and hope their opponent does not notice, knowing that they can simply seek reconsideration later if the Court happens to spot the issue and rule against them. *See Peery v. CSB Behavioral Health Sys.*, No. CV106–172, 2008 WL 4935598, at *7 n.8 (S.D. Ga. Nov. 18, 2008) ("Were Plaintiffs allowed to wait for the Court to do their legal research for them, and then raise the Courts' own research in a motion for reconsideration, the Court would be functioning as the [parties'] attorney rather than as a Court. Such a result is unacceptable and foreclosed by binding precedent.") (citing *Baker v. Norman*, 651 F.2d 1107 (5th Cir. 1981)). Not only would this undermine the parties' ethical obligation to disclose adverse authority, but it would provide the impermissible "second bite at the apple under the guise of a motion to reconsider." *Kirksey*, 2016 WL 6462176, at *3.

---

facts nearly identical to the present case. Although that case was unpublished and therefore not binding, the Court nevertheless made clear that on any issue before the Court, it expects to be made aware of the most recent guidance from the Eleventh Circuit. *See* Peter D. Webster, *Ethics and Professionalism on Appeal*, 85 FLA. BAR J. 16, 18 (2011) (discussing the ethical obligation to disclose adverse controlling authority and observing "principles of professionalism would suggest the propriety of disclosing [non-binding] decisions . . . that are on point, as well. The court is almost certain to find those decisions anyway, and failure to disclose and address them might well cause the court to conclude that the attorney cannot be trusted.") (citation omitted).

Motions to reconsider "do not exist to . . . provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation." *Dyas v. City of Fairhope*, No. 08-0232, 2009 WL 5062367, at *3 (S.D. Ala. Dec. 23, 2009); *see also Peery*, 2008 WL 4935598, at *3 ("[A] Motion for Reconsideration is not an opportunity to raise legal arguments which a party failed to raise during the summary judgment phase of the trial."). Because Defendant's Motion does exactly that, reconsideration is not proper.

Even if the Court were to reconsider its decision, it would reach the same conclusion. The Eleventh Circuit has stated no less than three times that when a case rests on diversity jurisdiction, the Court must apply state law on the issue of judicial estoppel. *See Searcy*, 902 F.3d at 1358 n.7 ("In diversity cases, the application of the doctrine of judicial estoppel is governed by state law.") (citation and quotation omitted); *Original Appalachian*, 44 F.3d at 930 ("Because this is a diversity case, the application of the doctrine of judicial estoppel is governed by state law.") (citation omitted); *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1261 (11th Cir. 1988) ("Had this case originated as a diversity action, it appears this court would be bound to apply the relevant state formulation of judicial estoppel."), *abrogated on other grounds by Grogan v. Garner*, 498 U.S. 279 (1991).

Nevertheless, Defendant believes the Court erred in taking the Eleventh Circuit at its word. According to Defendant, the statements in *Original Appalachian* and *Chrysler Credit* are dicta, and the pronouncement in *Searcy* should be ignored because the inconsistent statement in that case was made in a single trial and the Eleventh Circuit only stated the rule in a footnote.[5] Moreover,

---

[5] Although an interesting proposition, the Court subscribes to the more traditional view that the holdings of the Eleventh Circuit are binding on this Court, wherever they appear on the page. Moreover, it only mattered in *Searcy* that the inconsistent statement was made in the course of a single proceeding because *Florida law* does not allow judicial estoppel in that circumstance. *Searcy*, 902 F.3d at 1358 n.7 ("Under Florida law, judicial estoppel applies only when a party maintains inconsistent positions in separate proceedings.") (citing *Fintak v. Fintak*, 120 So. 3d 177, 186-87 (Fla. 2d DCA 2013)). In other words, that

says Defendant, *Slater* "sets forth the Eleventh Circuit standard for *any* case involving a prior bankruptcy proceeding – whether federal question jurisdiction or diversity jurisdiction." Mot. at 3 (emphasis added).

There's just one problem: *Slater* was not a diversity case. *See Slater*, 871 F.3d at 1177 (noting that all of plaintiff's claims were brought under federal statutes). The Eleventh Circuit has repeatedly cautioned that its holdings "can reach only as far as the facts and circumstances frame the precise issue presented in the case." *Muhammad v. Sec'y, Fla. Dep't of Corr.*, 733 F.3d 1065, 1076 (11th Cir. 2013) (quoting *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006)). Therefore, any "extraneous language" is dicta. *Id*. The precise issue the en banc Eleventh Circuit decided in *Slater* was "[w]hether the doctrine of judicial estoppel as applied to *Barger v. City of Cartersville*, 348 F.3d 1289, 1296 (11th Cir. 2003), and *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), should be overruled." Mem. to Counsel or Parties at 1, *Slater v. U.S. Steel Corp.*, No. 12-15548-U (11th Cir. Sept. 22, 2016). Those cases were applications of the *federal* judicial estoppel standard, so the *Slater* court had no occasion to address which law applies in diversity actions (which is perhaps why the issue is not mentioned at all).[6]

*Burnes* makes the point quite clearly. There, the Eleventh Circuit began by noting that "[i]n this case, judicial estoppel is raised in the context of a bankruptcy proceeding *and a federal employment discrimination case*; therefore, federal law governs our analysis." *Burnes v. Pemco Aeroplex. Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (citing *Chrysler Credit*, 842 F.2d at 1261)

---

fact—which is why Defendant believes *Searcy* is inapplicable—had nothing to do with the Court's decision to apply Florida law in the first place.

[6] The Court also considers relevant the Eleventh Circuit's pronounced aversion to advisory opinions. *See, e.g.*, *In re Wild*, 994 F.3d 1244, 1270 (11th Cir. 2021) ("[B]y urging us to decide an issue that does not affect the outcome of this mandamus petition, our dissenting colleagues have forgotten that we do not issue advisory opinions.") (Pryor, C.J., concurring).

Page **10** of **16**

(emphasis added), *overruled on other grounds by Slater*, 871 F.3d 1174.[7] Defendant would have the Court believe that the Eleventh Circuit read the emphasized words out of that holding without saying so either in *Slater* or in *Searcy*.

To recap: Defendant insists that the Eleventh Circuit did not really mean what it said in *Chrysler Credit*, *Original Appalachian*, or *Searcy* (in diversity cases, courts apply state law on judicial estoppel). And what it *really* meant in *Slater* (that federal judicial estoppel applies in diversity cases involving a prior bankruptcy proceeding), it implied *without* saying, even though that issue was not before the Court. The Court is unpersuaded.

If Defendant does not wish to take the Court's word for it, perhaps they will be more comforted by Judge Tjoflat. In the original panel opinion in *Slater*, Judge Tjoflat authored a concurring opinion urging the Eleventh Circuit to rehear the case en banc, which of course it ultimately did. *See Slater v. U.S. Steel Corp.*, 820 F.3d 1193, 1210-1249 (11th Cir. 2016) (Tjoflat, J., concurring), *vacated*, 871 F.3d 1174 (11th Cir. 2017) (en banc). Expounding on his view that the federal judicial estoppel standard as laid out in *Burnes* and *Burger* was wrongly decided—a position the en banc court would later adopt—Judge Tjoflat explained that one reason the federal standard had gone awry was because the court had previously failed to make clear when it was applying federal law as opposed to state law in diversity cases:

> In *Salomon Smith Barney, Inc. v. Harvey* [260 F.3d 1302 (11th Cir. 2001), *vacated on other grounds*, 537 U.S. 1085 (2002)], a diversity case, the court looked to *federal* law instead of *state* law for the elements of judicial estoppel. In diversity cases, judicial estoppel is governed by state law under the Erie doctrine. *See, e.g., Original Appalachian Artworks, Inc. v. S. Diamond Assocs., Inc.*, 44 F.3d 925, 930 (11th Cir.1995) (per curiam) (citing *Chrysler Credit*, 842 F.2d at 1261). The *Salomon* Court therefore erred by looking to the federal divergent-sworn-positions-and-mockery-of-justice rule rather than the relevant judicial-estoppel rule under the

---

[7] *Slater* overruled *Burnes* and *Barger* only to the extent that they "permit[ted] a district court to infer intent to misuse the courts without considering the individual plaintiff and the circumstances surrounding the nondisclosure." 871 F.3d at 1177.

Page **11** of **16**

> applicable state law.  Although the *Salomon* Court was applying a state-law formulation of judicial estoppel, in referring to "[t]his circuit's approach" the court created the impression that it was dealing with the doctrine as a federal, not a state, rule.  This made the Court's quotation of the divergent-sworn-positions-and-mockery-of-justice rule problematic. . . . In *Salomon*, a diversity case, after reiterating verbatim the divergent-sworn-positions-and-mockery-of-justice rule, the court stated that: "[t]his circuit's approach contemplates two elements.  First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding.  Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system," the two-element statement.  Because the court was applying a state-law version of judicial estoppel, the added sentence had no effect on the federal version of the doctrine this court had adopted in *Chrysler Credit*. . . . Nine months later, in *Burnes*, a federal-question case, the court treated *Salomon* as if it were a federal-question case rather than a diversity case and adopted the two-element statement as expressing the burden of proof a party must satisfy to invoke judicial estoppel before the District Court.

*Id.* at 1219-20, n.56, 1232 (emphasis in original).

Although of course not binding, Judge Tjoflat's opinion makes clear that although it has sometimes gone overlooked, the rule has long been that courts apply state law on judicial estoppel in diversity cases.  Far from holding Defendant "to a different standard than the dozens of defendants in like circumstances that have preceded it," Mot. at 11, the Court applied this rule as routinely understood by district courts in this circuit, including cases where the prior proceeding was a bankruptcy action.  *See In re Mentor Corp.*, No. 4:13-cv-438, 2016 WL 4732934, at *3 (M.D. Ga. Sept. 9, 2016) ("Here, the first action, a bankruptcy action, involved federal issues.  But the second action, this product liability action, does not; it was removed from state court to federal court based solely on diversity jurisdiction.  Under *Original Appalachian Artworks,* the Court must look to state law to determine whether judicial estoppel applies."); *Ussery v. Allstate Fire and Casualty Ins. Co.*, No.: 5:13-CV-83, 2016 WL 9131968, at *1 (M.D. Ga. Mar. 31, 2016) (holding in a case involving a prior bankruptcy proceeding that "[t]he Eleventh Circuit has clearly stated that in a diversity case, the application of the doctrine of judicial estoppel is governed by state

law.") (quotation omitted); *Tuten v. Target Corp.*, No. 4:14-cv-3, 2014 WL 6908866, at *2-3 (S.D. Ga. Dec. 8, 2014) (holding in a case involving a prior bankruptcy proceeding that "[t]he Eleventh Circuit has made it clear that, in a diversity case, the application of the doctrine of judicial estoppel is governed by state law. This action arose in Georgia; therefore, Georgia's doctrine of judicial estoppel applies. . . . [T]he Court is bound follow the Eleventh Circuit's requirement that it apply judicial estoppel as if it were a state court."); *Job v. AirTran Airways, Inc.*, No. 1:13–CV–2061, 2014 WL 414224, at *3 (N.D. Ga. Feb. 4, 2014) ("The Defendant argues that judicial estoppel bars the Plaintiff from asserting her claim because she initially omitted it on her bankruptcy petition. Because this is a diversity case, the application of the doctrine of judicial estoppel is governed by state law."); *accord Hubbard v. Cowabunga*, No. 4:19-CV-1881, 2020 WL 7645459, at *1 (N.D. Ala. Dec. 23, 2020) ("State law governs judicial estoppel in diversity cases."); *SCM Grp. N.A. Inc. v. Chebli Architectural Woodworking, Inc.*, No. 1:16-CV-4447, 2018 WL 8223296, at *4 (N.D. Ga. Feb. 27, 2018) ("Because this is a diversity case, the application of the doctrine of judicial estoppel is governed by state law.") (citations omitted in all). And this has remained so even following *Slater*. *See Brewton v. First Liberty Ins. Co.*, No. 5:14-CV-436, 2017 WL 5616360, at *3 (M.D. Ga. Nov. 21, 2017) ("First Liberty argues that Plaintiff is judicially estopped from bringing this action because she failed to disclose her claims against First Liberty in her bankruptcy case. . . . Because the Court is hearing this case through its diversity jurisdiction, the Court applies Georgia law to substantive issues, and Eleventh Circuit precedent appears to dictate that the application of the doctrine of judicial estoppel is governed by state law in diversity cases.") (citation and quotation omitted).

Finally, Defendant raises a number of arguments as to why applying the federal judicial estoppel standard is the better-reasoned approach and consistent with the purpose of the doctrine. Perhaps. But those are arguments for the Eleventh Circuit, whose precedent this Court is bound

to follow. *See Job*, 2014 WL 414224, at *3 n.4 ("Although the Defendant persuasively argues for the application of federal law to claims of judicial estoppel, the Court is bound by Eleventh Circuit authority stating otherwise.").

In sum, Defendant's Motion raises an argument that could have—and should have—been previously raised. But even if the Court did entertain reconsideration, it would stand by the ruling in its prior Order. For those reasons, Defendant's Motion for Reconsideration warrants denial.

### B.  *Motion for Interlocutory Appeal*

Defendant has failed to establish that the Court's Order meets the requirements for certification under section 1292(b). Even if the issue of whether Florida or federal law applies is a controlling issue of law, Defendant has not shown that the latter two prerequisites have been met.

First, the Court finds that there is no substantial ground for difference of opinion. A "substantial ground for difference of opinion" does not exist where the appellate court is in "complete and unequivocal" agreement with the district court. *McFarlin v. Conseco Servs.*, 381 F. 3d 1251, 1258 (11th Cir. 2004) (citation omitted). Moreover, that a question is one of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. *Havana Docks Corp.*, 2020 WL 3489372, at *1 (citations omitted). Instead, the Court "has a duty to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Rodriguez*, 2020 WL 6544475, at *4 (emphasis in original) (citation omitted).

In *Ussery*, the court rejected an identical motion from defendant, which contended that the Court erred in applying the Georgia doctrine of judicial estoppel in a case involving a prior bankruptcy. 2016 WL 9131968, at *1-2. The court found that there was no substantial ground for difference of opinion regarding the application of state law to judicial estoppel in light of the "clear" statements from the Eleventh Circuit, and the fact that state law "has been uniformly

applied by district courts in diversity cases . . ., including those where the prior proceeding was a bankruptcy action." *Id*. at *1 (collecting cases). This Court agrees.

As explained above, the Eleventh Circuit has spoken plainly on this issue, and courts continue to apply state law post-*Slater* when the case involves a prior bankruptcy proceeding. *See, e.g.*, *Brewton*, 2017 WL 5616360, at *3. Even though Defendant reads the case law differently, a party's "strong disagreement" does not suffice to meet this requirement. *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assoc., P.C*, 165 F. Supp. 3d 1330, 1339 (N.D. Ga. 2015). Therefore, the Court does not find that there is a substantial ground for difference of opinion.

Nor would certifying this issue for interlocutory appeal materially advance the ultimate termination of the litigation. This requirement asks whether the "resolution of [the] controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259. Even if the Court were to certify the question and be reversed (assuming the appeal was accepted), the Eleventh Circuit would almost assuredly remand the case for this Court to apply the federal standard. On the other hand, this case is set for trial—which has been delayed several times already—in just a few short months. Thus, "[a] detour of many months or a year to the Eleventh Circuit on these issues is not likely to advance this lawsuit; it is likely to delay it." *Frederick J. Hanna & Assoc., P.C*, 165 F. Supp. 3d at 1339; *see also Webster v. Ocwen Loan Servicing, LLC*, No. 20-60117, 2020 WL 6144628, at *3 (S.D. Fla. Sept. 17, 2020) (finding that an interlocutory appeal would not materially advance the litigation because "[a]n interlocutory appeal could take up to a year or longer, where this case is presently set for trial in [a matter of months].").

The Court finds that Defendant has failed to meet its heavy burden of establishing that interlocutory appeal is warranted here. Accordingly, the Court does not see reason to deviate from the general principle that appeals should be conducted after final judgment.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration of this Court's Order Denying Defendant's Motion for Summary Judgment, or, in the Alternative, to Certify the Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [ECF No. 145] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 21st day of May, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**