UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60409-RUIZ/STRAUSS

DEBORAH BONETA, *et al.*,

     Plaintiffs,

v.

AMERICAN MEDICAL SYSTEMS, INC.,

     Defendant.

                            /

## ORDER

**THIS MATTER** came before the Court upon Plaintiffs' Motion to Quash the Subpoenas for Production of Documents Issued on August 30, 2021, and Motion for Protective Order as to Non-Party Schlesinger Law Offices, P.A. ("Motion") [DE 223].

The District Court referred this matter to me to conduct an evidentiary hearing on the issue of judicial estoppel [DE 205].  An evidentiary hearing is presently scheduled for September 27, 2021.  Given that Defendant indicated it would be serving subpoenas in connection with the evidentiary hearing, I set deadlines to serve and respond to subpoenas, as well as a deadline for the parties to brief privilege issues related to the subpoenas.  *See* [DE 212].  Defendant proceeded to serve various subpoenas, including three separate subpoenas for documents upon each Plaintiff and Plaintiffs' counsel [DE 223-1, 223-2, 223-3].

Pursuant to the Motion, Plaintiffs first request that the Court quash the subpoenas directed to them [DE 223-1, 223-2], contending that the subpoenas were improperly served outside of the discovery period, which ended long ago.  Second, they contend that all three subpoenas should be quashed because they seek documents that are protected work product and/or protected by attorney-client privilege.  Third, they argue that the subpoenas should be quashed because they

contain overbroad requests that are not reasonably limited in scope.  Finally, Plaintiffs seek a

protective order excusing their counsel from testifying at the evidentiary hearing.

As to the first issue, I agree with Plaintiffs that the two subpoenas for documents directed

to them should be quashed.  Notably, the Court's Local Rules provide as follows:

> Party and non-party depositions must be scheduled to occur, and written discovery
> requests *and subpoenas seeking the production of documents* must be served in
> sufficient time that the response is due on or before the discovery cutoff date.
> Failure by the party seeking discovery to comply with this paragraph obviates the
> need to respond or object to the discovery, appear at the deposition, or move for a
> protective order.

S.D. Fla. L.R. 26.1(d) (emphasis added).  Thus, in an ordinary case, Defendant would not have

been permitted to serve the subpoenas at issue.  Notably, it is even improper to use a subpoena to

attempt to obtain documents for the first time at an evidentiary hearing or trial when those

documents were not provided during discovery.  In other words, a "Rule 45 subpoena duces tecum

cannot be used as a form of discovery to circumvent deadlines."  *Antech Diagnostics, Inc. v.

Posner*, No. 17-80185-CV, 2017 WL 6948590, at *1 (S.D. Fla. Nov. 14, 2017) (citations omitted).

"When a party serves a Rule 45 subpoena duces tecum for trial seeking discovery that should have

been secured during the discovery period, the subpoena is properly quashed."  *Dear v. Q Club

Hotel, LLC*, No. 15-60474-CIV, 2017 WL 5665357, at *2 (S.D. Fla. May 18, 2017) (citations

omitted).  *See also Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 693 (S.D. Fla. 2014).

Nonetheless, in this case, the parties appear to recognize that the District Court permitted

the service of at least one subpoena in connection with the evidentiary hearing to occur on the

judicial estoppel issue.  However, the parties dispute the scope of what the District Court permitted.

Given the general rule discussed above, Defendant's service of the subpoenas at issue was only

proper to the extent specifically permitted by the District Court.  The scope of what was permitted

is reflected in the transcript of an August 18, 2021 status conference [DE 225] that occurred in

front of the District Court (prior to the evidentiary hearing referral).  At that status conference, the District Court made clear that it was not reopening discovery.  Defendant's counsel indicated that he wanted to "subpoena, for example, a 30(b)(6) witness from [Plaintiffs' counsel's firm] to show what documents they had."  [DE 225] at 9.  *See also id.* at 12 ("I think I am entitled to subpoena the [firm] as a 30(b)(6) and ask them to bring documents to that evidentiary hearing.").  The District Court said that serving the subpoena on the firm would be fine but reiterated it would not reopen discovery.  *Id.* at 12.  *See also id.* at 15 ("I'm comfortable allowing the limited 30(b)(6) on that issue with the file.").  It also made clear to Defendant's counsel that "you're not going to enter requests for production.  All that's going to happen is [counsel will] bring [his] case file."  *Id.* at 16.  The District Court then reiterated once again, "I'm not reopening discovery.  Let me make that very, very clear.  All I'm going to . . . require is that you comply with any old normal 30(b)(6) subpoena [and] bring your records to the evidentiary hearing."  *Id.*

Thus, while Defendant was permitted to serve a subpoena for documents on Plaintiffs' counsel's firm, it is abundantly clear from the transcript that Defendant was not permitted to serve subpoenas for documents on Plaintiffs.  Therefore, the subpoenas for documents directed to Plaintiffs [DE 223-1, 223-2], which were served outside of the discovery period without the Court's permission, will be quashed.[1]

Before I turn to the second issue (attorney-client privilege and work product), I will briefly address the third issue (overbreadth etc.).  This issue is moot with respect to the two document subpoenas directed to Plaintiffs given my ruling that the two subpoenas will be quashed.  With respect to the subpoena directed to Plaintiffs' counsel, this issue merits little consideration given

---

[1] While Defendant indicates that my order setting the evidentiary hearing permitted the service of the subpoenas on Plaintiffs, I never intended to permit any discovery that the District Court did not permit.  I merely set deadlines related to any subpoenas that were permitted.

that counsel states it only has 9 responsive pages [DE 227]. In other words, even if some of the requests are facially overbroad, it is clear that the subpoena imposes no undue burden that would require quashing it pursuant to Rule 45(d)(3)(A)(iv).

As to the second and fourth issues (concerning attorney-client privilege and work product), I intended for the parties to address these issues in their briefing that they are required to submit prior to September 17, 2021. *See* [DE 212] ¶ 4. Therefore, I will deny the Motion as to these issues without prejudice at this time. That does not mean that I am requiring Plaintiffs' counsel to produce the 9 pages at issue or testify at the evidentiary hearing. It simply means that I will decide these issues after the parties submit the required briefing. I may ultimately render a decision regarding these issues at the evidentiary hearing (perhaps after some foundation is established through Plaintiffs' testimony). Therefore, anyone who has been subpoenaed to testify at the evidentiary hearing must at least appear unless I render a ruling prior to the hearing excusing their appearance.

To further guide the parties' forthcoming briefing, it appears that the privilege issue may turn on whether Plaintiffs waived privilege to some extent. It is unclear from the declarations that Plaintiffs submitted with their motion to reopen their bankruptcy case [DE 152-1] whether Plaintiffs were saying that they relied on the advice of counsel in not disclosing their claims (that they have brought in this case) in their bankruptcy case. For instance, paragraph 18 of one declaration and paragraph 17 of the other state, "I rely on advice of counsel regarding legal matters." While this statement seems to indicate that the lack of disclosure in the bankruptcy case was based on the advice of counsel (the statement is otherwise extraneous), the declarations do not clearly state as much. The Court is not going to require clarification at this time, but it would be helpful if Plaintiffs would voluntarily clarify the foregoing (prior to the briefing due on September

4

17, 2021).  Further, if Plaintiffs acted (or did not act) based on the advice of counsel, it would be helpful to know (prior to the evidentiary hearing) which counsel.  In the meantime, to ensure that the upcoming evidentiary hearing proceeds as efficiently as possible, and since Plaintiffs' counsel has very few pages responsive to the subpoena directed to counsel, the Court will conduct an *in camera* review of those pages (counsel has indicated that his firm only has 9 responsive pages).

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1.      The Motion [DE 223] is **GRANTED IN PART and DENIED IN PART**.

2.      The subpoenas directed to Plaintiffs [DE 223-1, 223-2] are quashed.

3.      Plaintiffs' request to quash the subpoena directed to their counsel [DE 223-3] is denied (except that the denial is without prejudice with respect to the issues of attorney-client privilege and work product, as discussed above).

4.      Plaintiffs' request for a protective order precluding their counsel's testimony at the evidentiary hearing is denied without prejudice, as discussed above.

5.      On or before **September 17, 2021**, Plaintiffs' counsel shall email my chambers (strauss@flsd.uscourts.gov) the documents responsive to the subpoena directed to counsel [DE 223-3] for an *in camera* review.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 15th day of September 2021.

Jared M. Strauss
**United States Magistrate Judge**